**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Charles Cole (M-02958), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 1343 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| C/O Mosley, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. If Plaintiff wants to proceed with this lawsuit, he must pay the $400 filing fee. If Plaintiff does not comply by March 20, 2020, this case will be summarily dismissed.

## STATEMENT

Plaintiff Charles Cole, a prisoner at Pinckneyville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning his previous detention at the Lake County Jail. Plaintiff's application to proceed *in forma pauperis* (IFP) is before the Court.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $400 filing fee upfront, he may submit an *in forma pauperis* (IFP) application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350 as an administrative fee is waived).

Plaintiff's application for leave to proceed *in forma pauperis* is denied. Because Plaintiff is a prisoner for whom the state provides the necessities of life, his income demonstrates that he does not qualify as indigent. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Plaintiff's trust fund ledgers reflect a total of $1,436.91 in income (deposits) during the six months prior to the initiation of this action. The trust fund statement indicates an average monthly deposit over the last six months of $239.49. While it is true that Plaintiff's balance as of February 18, 2020, was $27.60, Plaintiff's trust fund account shows consistent deposits over the last six months and Plaintiff quickly spending his funds at the commissary.

Given Plaintiff's consistent income, the fact that he did not have enough money to pay the full fee when he requested leave to pay in installments does not necessarily mean that he is eligible to do so, as the Court need not grant IFP status when an inmate has depleted his account of funds prior to filing suit. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (finding that a prisoner who "squander[s]" all his assets has the "means" to pay and is not protected by 28 U.S.C. § 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th

Cir. 2000); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (observing that a prisoner "can save up . . . and pay the filing fee").

In light of the consistent deposits reflected in Plaintiff's trust fund ledgers in just the past six months, at which time Plaintiff knew of his present claims, Plaintiff must prepay the $400 statutory filing fee if he wants to proceed with this action. Plaintiff may pay by check or money order made payable to the Clerk of Court and mailed to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. If he fails to do so by the date specified above, the Court will summarily dismiss this action.

Date: February 27, 2020 /s/Virginia M. Kendall
United States District Judge